UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TEARA FISHER,                        )
                                      )
        Plaintiff,                    )
                                      )
        vs.                           )        Case No. 4:18-CV-01236-AGF
                                      )
UNITED STATES OF AMERICA,             )
                                      )
        Defendant.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's unopposed motion to dismiss for lack of subject matter jurisdiction.   ECF No. 8.

Plaintiff originally filed this action in the Circuit Court for the City of St. Louis alleging medical negligence by Dr. Darryl Zinck and Family Care Health Centers (FCHC). On the basis of FCHC's status under the Federally Supported Health Centers Assistance Act (42 U.S.C. §254(b)) and Dr. Zinck's status as a U.S. public health service employee, the matter was removed to this Court (ECF No. 1), and the United States was substituted as the proper Defendant (ECF No. 6).   Defendant has moved to dismiss this case for lack of subject matter jurisdiction insofar as Plaintiff has failed to exhaust administrative remedies as required by the Federal Tort Claims Act (28 U.S.C. §§ 2671-80).   Plaintiff has not responded, and the time to do so has passed.

Under the FSHCAA, the FTCA provides the exclusive remedy for medical malpractice by a federally funded health center and its employees and contractors.   42

1

U.S.C. § 233(g)(1)(A)." *Divers v. Halls*, 4:12CV3226, 2013 WL 459633, at *2 (D. Neb. Feb. 7, 2013). "Under the FTCA, an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a) (requiring presentment of the claim to the appropriate federal agency and the agency's final denial of the claim)." *Id.* Conformity with § 2675(a) is a jurisdictional prerequisite of the FTCA's limited waiver of sovereign immunity. *Id. citing Mader v. United States,* 654 F.3d 794, 808 (8th Cir. 2011).

Defendant avers, and Plaintiff has not refuted, that Plaintiff has not presented an administrative claim to the Department of Health and Human Services. Consequently, this Court does not have subject matter jurisdiction and must dismiss the case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. ECF No. 7. A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2018.